BEAGLE, Plaintiff, v. AUTOMOBILE CLUB INSURANCE CO., Defendant.

Common Pleas Court, Columbiana County.

No. 45378.   Decided July 26, 1960.

*Messrs. Aronson & Fineman,* by *Mr. Bernard Fineman,* for plaintiff.

*Messrs. Riddle & Riddle,* by *Mr. Jack O. Beck,* for defendant.

*The Court.* This is an action on an insurance policy in which the plaintiff seeks to recover the sum of One Thousand Dollars ($1,000.00) under the medical payments provision of the policy. A jury was waived by the parties and the case was submitted to the Court on the depositions of two witnesses and certain stipulations. A certain policy contract between the plaintiff and defendant has been introduced by stipulation and it has been further agreed that the plaintiff, if he is entitled to recover under the policy, is entitled to recover the sum of One Thousand Dollars ($1,000.00) with interest and costs.

Plaintiff was injured on May 30, 1957, at the Canfield Speedway at Canfield, Ohio, when a wheel disengaged itself from an automobile being operated by one Dale Johnson, and while engaged in a race on the Canfield Speedway. The wheel travelled some distance and struck the plaintiff, as the result of which he suffered certain injuries and medical expenses in excess of the policy limit. Defendant has refused to pay, claiming that the policy does not cover this situation.

The pertinent provisions of the policy are as follows:—
"Coverage C—Automobile Medical Payments

"To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical and dental services, including prosthetic devices, and necessary ambulance, hospital, professional nursing and funeral services:

"\* \* \*

"Division 2. To or for each insured who sustains bodily injury, sickness or disease, caused by accident, while in or upon, or while entering into or alighting from, *or through being struck by, an automobile.*" (Emphasis supplied.)

"IV Automobile defined, \* \* \*

"Under division 2 of coverage C, the word 'automobile' means a land motor vehicle or trailer not operated on rails or crawler-treads, but does not mean: (1) a farm type tractor or other equipment designed for use principally off public roads, except while actually upon public roads, * * *"

The first question that engages our attention is whether a loose rolling wheel which has become disengaged from an automobile is an automobile within the meaning of the definition of the policy. The policy does not specifically cover a situation where parts of an automobile come loose, fly off or disengage from the main part of the vehicle. The plaintiff claims therefore that the policy should be liberally construed in this respect in favor of the insured so as to hold that the rolling wheel comes within the definition of an "automobile." This is a well known rule of construction, particularly in insurance contracts. See 30 Ohio Jurisprudence 2d, 225, Section 215 et seq.

Certainly if the remainder of the automobile with only three wheels had run off the track and injured some one, the Court feels it would still be an automobile even though it only had three wheels. The Court can see no difference in principle between such a situation and the situation that we have in this case. Accordingly, the Court feels that such disengaged wheel is an "automobile" within the meaning of the policy, provided that the entire vehicle meets the test of the whole definition.

The defendant says that the vehicle in question was not an automobile because it was designed for use principally off public roads, that is, it was designed principally for use as a racer on race tracks and that therefore there is no coverage.

It is true that this car was originally designed and sold by the manufacturer as a stock car for use on the highways. But the Court does not feel that its original design is what controls. The evidence shows on page 8 of the deposition that the vehicle did not have headlights nor tail lights; it did not have glass in the windows nor did it have a top. Its horn had been removed as well as the muffler. Safety bars had been installed to protect the driver in the event of a crash or turn over. Heavy duty spindles had been installed and also heavy duty tie rods. On page 22 the testimony shows that although

it had a speedometer the cable was not attached and that big tires had been put on the wheels. Furthermore, the car was not licensed for the year 1957 to travel on the roads and highways and in the Court's mind the fact it could be driven on the highway, even though illegal, does not change the fact that the vehicle had been designed for racing purposes. In fact, it was carried to and from the track on a trailer and not under its own motive power.

This vehicle would therefore seem to be a land motor vehicle. However, the Exclusions clause specifically says the definition of such word "automobile" does not mean a farm type tractor or other equipment designed for use principally off public roads, except while actually upon public roads. This injury did not occur upon a public road so such proviso is not applicable. It is not a farm type tractor so such exception is also not applicable. But, is it other equipment designed for use principally off public roads. The Court thinks it is.

Equipment has been variously defined to include accessories but it may also mean the main vehicle itself. In Webster's New Collegiate Dictionary as pertains to railroads, it is defined as "cars and locomotives; rolling stock, as contrasted with the roadbed and stations." In the racing of automobiles, the automobile is part of the equipment for that dangerous business.

Plaintiff, however, says the words "other equipment" refers to farm equipment under the rule of construction known as ejusdem generis and also that such exception is ambiguous and such ambiguity should be liberally construed in favor of the policy holder.

The rule ejusdem generis is that when general words follow an enumeration of particular cases, such general words are held to apply to cases of the same kind as those which are expressly mentioned. In the first place if the exception was just the words "a farm type tractor or other equipment" there would be some substance to this claim, but the language is not general but specifies that such equipment be designed for use principally off public roads. That, in effect is true also of farm tractors—they are designed for use principally on the farm and not on the highways. The Court feels this exception is not ambiguous and means just what it says. This auto racer

was designed principally for use off the public road, and therefore is not an automobile within the meaning of the definition in the policy.

The Court has gone over the statutes and the cases cited by the plaintiff and does not feel that they are applicable or controlling under the facts of this case.

The Court therefore finds for the defendant and the Petition is dismissed at the plaintiff's costs.

Exceptions allowed plaintiff and defendant to prepare a Journal Entry in accordance with the Court's ruling.