GENE D. WALCOTT ET AL., APPELLANTS, V. HAWKEYE-
SECURITY INSURANCE COMPANY, A CORPORATION, APPELLEE.
201 N. W. 2d 817

Filed November 3, 1972. No. 38479.

Fisher & Fisher, for appellants.

Holtorf, Hansen, Kortum & Kovarik and David C. Nuttleman, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

BOSLAUGH, J.

This action arises out of claims made under the medical payments and uninsured motorists coverage of an automobile liability insurance policy issued by the defendant. The trial court found there was no coverage under the policy as to the claims in question and sustained the defendant's motion for a summary judgment. The plaintiffs appeal.

The accident happened at Hemingford, Nebraska, on August 17, 1969. The named insured, Gene D. Walcott, his wife, and son were seated on a station wagon owned by a third party watching a stock car race at the Box Butte County Fair when one of the vehicles in the race, driven by David Sward, struck the station wagon injuring the plaintiffs. The policy issued by the defendant provided both medical payments and uninsured motorists coverage subject to certain exclusions.

The policy provided that the medical payments coverage did not apply to bodily injury sustained through

being struck by "a farm type tractor or other equipment designed for use principally off public roads, while not upon public roads." The policy further provided that the term "uninsured automobile" shall not include "a farm type tractor or equipment designed for use principally off public roads, except while actually upon public roads."

The vehicle operated by Sward was a 1957 Ford that had been modified for use in races. The seats, dashboard, headlights, taillights, and all glass had been removed from the vehicle. A wire mesh screen had been installed in place of the windshield, and roll bars had been installed in the passenger compartment. Other special equipment, such as tires, bumpers, a driver's seat, and a gas tank had been installed to facilitate its use and operation in races. It is clear that it was a vehicle intended for use principally off public roads and was not upon a public road at the time of the accident.

The question presented is whether the vehicle operated by Sward was excluded from coverage under the policy as "equipment designed for use principally off public roads." In a similar case, the Supreme Court of Texas held that a 1947 Ford sedan, modified for use as a stock car racer, was "other equipment designed for use principally off public roads" and excluded from coverage under a policy similar to the one involved in this case. Williams v. Cimmaron Ins. Co. (Tex.), 406 S. W. 2d 173. Other decisions to the same effect are Beagle v. Automobile Club Ins. Co., 18 Ohio Op. 2d 280, 176 N. E. 2d 542; Livingston v. Nationwide Mutual Ins. Co., 295 F. Supp. 1122; Kansas Farm Bureau Ins. Co., Inc. v. Cool, 205 Kan. 567, 471 P. 2d 352.

The judgment of the district court finding there was no coverage as to the claims in question was correct and is affirmed.

AFFIRMED.