[Civ. No. 11302. Fourth Dist., Div. One. Nov. 30, 1972.]

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,
Plaintiff and Respondent, v.
GLYNICE ANN MROZEK, Defendant and Appellant.

## COUNSEL

McInnis, Fitzgerald, Rees & Sharkey and James A. McIntyre for Defendant and Appellant.

Smith, Shifflet & Sharp and Gene E. Smith for Plaintiff and Respondent.

## OPINION

**BROWN (Gerald), P. J.**—State Farm Mutual Automobile Insurance Company sued its insured, Glynice Ann Mrozek, for declaratory relief, to deny arbitration to her under the uninsured motorist insuring provisions of her policy with the company. State Farm prevailed below. Mrozek appeals the judgment. ██ We reverse on the ground there is coverage under the policy.

Shortly after midnight, November 27, 1969, Mrozek was sleeping in her sleeping bag in the sand dunes of Imperial County, about one-fourth mile off the highway. State Farm alleges "an uninsured motorist operating a dune buggy" struck and injured Mrozek. She is said to be permanently paralyzed.

In her brief, Mrozek ably states the issue and argument, in part, thusly:

"[T]he issue in the trial court and on appeal is whether . . . dune buggies used off public highways are considered uninsured motor vehicles under Section 11580.2 of the California Insurance Code. 'Uninsured motor vehicle' as defined in Section 11580.2(b) includes any motor vehicle that is not covered by liability insurance at the time of accident. Section 11580.2(b)(2) goes on to specify certain exclusions from this language: 'The term "uninsured motor vehicle" shall not include an automobile owned by the named insured. . . . , '. . . or certain governmental entities . . .' or a land motor vehicle or trailer operated on rails or crawler-treads or while located for use as a residence or premises and not as a

vehicle, or a farm-type tractor or equipment designed for use principally off public roads, except while actually used upon public roads.'

". . . the trial court held . . . this quoted language excluded the dune buggy in question. The holding was that the language 'farm-type tractor or equipment designed for use principally off public roads except while actually used on 'public roads' should be interpreted as excluding two types of equipment, to wit, farm-type tractors and any other type of equipment whether farm-type or not which is used principally off public roads. The dune buggy was then excluded under the second category.

"The trial court properly did not base its opinion on cited foreign case law dealing with medical pay provisions in auto policies as opposed to un-insured motorists' clauses in statute. The trial court properly based its decision on interpretation of the statutory language in the subject statute. A diligent search has turned up no California cases or out-of-state cases interpreting the subject statutory language or statutes similar to the subject statute in other states. Therefore, the interpretation of the statutory language in question must be based on general principles of statutory interpretation. It is submitted that in applying said general principles to the subject clause, the trial court erred.

"The trial court, as pointed out above, found that Section 11580.2 excluded from uninsured motor vehicles, farm-type tractors and any other type of equipment, whether farm-type or not. It is the contention of the appellant that the words 'farm-type' in this statutory language modify both the word 'tractor' and the word 'equipment,' thereby excluding only farm-type tractors and equipment. This interpretation is indicated by the context of the statute and by the syntax of the statute. As pointed out in appellant's trial brief, the subject section 11580.2 has three groups of exclusions. The first group reads to exclude '. . . an automobile owned by the named insured or any resident of the same household or self-insured within the meaning of the Safety Responsibility Law of the state in which a motor vehicle is registered or which is owned by the United States of America, Canada, a state or political subdivision of any such government, or an agency of any of the foregoing.' This group is set off by commas and deals exclusively with exclusions involving ownership of the insured vehicle. The second group reads, '. . . or a land motor vehicle or trailer operated on rails or crawler-treads or while located for use as a residence or a premises and not as a vehicle.'

"This group is also set off by commas and deals with exclusions based exclusively on the manner in which the subject vehicle is used. The third group of exclusions reads '. . . or a farm-type tractor or equipment designed for

use principally off public roads, except while actually upon public roads.' This group, likewise, is set off by commas and under the construction used in this section, excludes vehicles based on their type, namely 'farm-type.' Had the authors of this section intended to make a separate exclusion for equipment other than farm-type designated for use principally off public roads, they would have created a fourth category of exclusions by placing a comma after the word 'tractor.' No comma is present in the existing language after the word 'tractor.' This would lead to the conclusion that the last category of exclusions was intended to exclude farm-type machinery while being operated off the highway.

"The trial court in its decision takes issue with this position and submits that it is equally logical for the third classification of exclusions to deal with both farm-type tractors and any other type of equipment, whether farm-type or not. However, *it is submitted that had the legislature intended this interpretation, there would have been no reason for including the words 'farm-type' in the language of the statute at all.* In other words, the broader exclusion of equipment designed for use principally off public roads except while actually used upon public roads, would include the category of farm-type tractors designed for use principally off public roads. Logic then indicates that this exclusion should not apply to other than farm-type off highway vehicles." [Italics ours.]

Interpreting the phrase "farm-type tractor or equipment," we hold the compound adjective "farm-type" modifies both "tractor" and "equipment." There is no comma after "tractor." The phrase reasonably means farm-type tractor or farm-type equipment.

In *Indemnity Ins. Co.* v. *Pacific Clay Products Co.*, 13 Cal.App.3d 304, 313 [91 Cal.Rptr. 452], the phrase "any written contract or agreement" was similarly construed. The adjective "written" modifies both "contract or agreement." The court said:

"Fidelity [argues], the definition of the word 'contract' as a 'written contract or agreement' is ambiguous; the adjective 'written' modifies only the word 'contract' and does not modify the word 'agreement'; the definition of the word 'contract,' thus construed, includes an oral agreement; . . .

"It should be noted, as in the clause defining the word 'contract' as 'any written contract or agreement, . . .' there is no comma following the word 'contract,' but there is a comma following the word 'agreement.' The language and punctuation used indicates the adjective 'written' modifies the phrase 'contract or agreement.' (*St. Louis-San Francisco Ry. Co.* v. *Bengal Lumber Co.*, 145 Okla. 124 [292 P. 52, 53].)

"A contract should reasonably receive such interpretation as will make it reasonable and avoid absurdities. (Civ. Code, §§ 1638, 1643; *Golden* v. *Fischer,* 27 Cal.App. 271, 279 [149 P. 797].) Were Fidelity's interpretation accepted, the clause 'written contract or agreement' would mean any written contract, or written or oral agreement, expressed or implied. This is unreasonable and absurd."

Were the phrase "farm-type tractor or equipment" ambiguous we would be required to resolve the ambiguity in favor of coverage. We find no ambiguity which would bring this rule in play.

Judgment reversed.

Ault, J., concurred.

**WHELAN, J.**—I concur in the result but for a reason different from that of the majority opinion.

The complaint for declaratory relief alleged Mrozek had been struck by an uninsured motorist operating a dune buggy off the public highway; it was alleged the dune buggy was a motor vehicle designed for and used off public roads, and that it was not an uninsured motor vehicle under the policy of automobile liability insurance.

The latter claim was based upon language in the printed policy form excluding from the definition of "uninsured motor vehicle": "a land motor vehicle designed for use principally off public roads except while being used on public roads . . ." In that respect the printed policy form differed from the language of Insurance Code section 11580.2 which provides: "The term 'uninsured motor vehicle' shall not include an automobile owned by the named insured or any resident of the same household or self-insured within the meaning of the safety responsibility law of the state in which the motor vehicle is registered or which is owned by the United States of America, Canada, a state or political subdivision of any such government or an agency of any of the foregoing, or a land motor vehicle or trailer operated on rails or crawlertreads or while located for use as a residence or premises and not as a vehicle, or a farm-type tractor or equipment designed for use principally off public roads, except while actually upon public roads."

The exclusions from the definition of uninsured motor vehicle cannot be broader than those stated in the code section, since the code section provides its terms are a part of every policy. (Ins. Code, § 11580.2; *Modglin* v. *State Farm Mut. Automobile Ins. Co.,* 273 Cal.App.2d 693, 699 [78 Cal. Rptr. 355]; *Lopez* v. *State Farm Fire & Cas. Co.,* 250 Cal.App.2d 210 [58 Cal.Rptr. 243].) Those statutory exclusions will be strictly construed. (*Val-*

*dez* v. *Federal Mut. Ins. Co.,* 272 Cal.App.2d 223, 227 [77 Cal.Rptr. 411].) In case of ambiguity in the statement of exclusions, the construction will favor coverage rather than a denial thereof. (See *Interinsurance Exchange* v. *Ohio Cas. Ins. Co.,* 58 Cal.2d 142 [23 Cal.Rptr. 592, 373 P.2d 640]; *Inter-Insurance Exchange* v. *Lopez,* 238 Cal.App.2d 441, 445 [47 Cal.Rptr. 834].)

It may be assumed the language of plaintiff's policy reflects plaintiff's interpretation of the statutory language. Under that interpretation, "a land motor vehicle designed for use principally off public roads except while being used on public roads," includes "a farm-type tractor" as well as "equipment designed for use principally off public roads," and "a land motor vehicle or trailer operated on rails or crawlertreads."

That interpretation would make the word "equipment" in the statute at least coextensive with "motor vehicle." The making of that interpretation suggests that in plaintiff's opinion the statute is ambiguous as to the meaning of the word "equipment" found in the statutory exclusions from the definition of "uninsured motor vehicle."

For reasons not all of which need be discussed, I agree with the trial court's holding that "equipment designed for use principally off public roads" is not limited to "farm-type" equipment.

The word "equipment," as used in the statute, is not, however, synonymous with "motor vehicle" or "land motor vehicle." Specifically, it does not include within its meaning a dune buggy, even though designed principally for use off the highway.

The word "equipment," so far as I know, is not found elsewhere in the Insurance Code. It is used frequently in the Vehicle Code, and in different senses. Since we are dealing with an automobile liability insurance policy, the Vehicle Code's uses of the word may be appropriately consulted.

The provisions of the Vehicle Code dealing with a motor vehicle liability policy of insurance (Veh. Code, § 16450 et seq.) are in *pari materia* with Insurance Code sections dealing with the same subject. They furnish points of contact between the two codes that make it appropriate to consider like language found in each of them: " '[E]very statute should be construed with reference to the whole system of law of which it is a part so that all may be harmonized and have effect. [Citations.]' (*Stafford* v. *Realty Bond Service Corp.* . . . 39 Cal.2d 797, 805; . . .)" (*Stafford* v. *L. A. etc. Retirement Board,* 42 Cal.2d 795, 799 [270 P.2d 12].)

Vehicle Code section 565 defines "special construction equipment";

"special mobile equipment," defined as not self-propelled, is dealt with in section 575.

A dune buggy does not come within the definition of either sections 565 or 575.

Under the Vehicle Code also, "implements of husbandry" receive a separate defintion in section 36000.

Special construction equipment, mobile equipment, and implements of husbandry were all among the vehicles exempted from licensing requirements under the Vehicle Code in 1969.

In 1971 the Off-Highway Motor Vehicle Law (Veh. Code, div. 16.5, § 38000 et seq.) was enacted. It deals with a class of vehicles of which a dune buggy clearly is one. Among the vehicles to which it is declared not applicable are: "(4) Implements of husbandry.

"(5) Motor vehicles owned by the state, or any county, city, district, or political subdivision of the state, or the United States.

". . . . . . . . . . . . . . . . .

"(7) Special construction equipment described in Section 565, regardless of whether such motor vehicles are used in connection with highway or railroad work."

Of course, "equipment" is used in the Vehicle Code in declaring those items with which a motor vehicle must be equipped to satisfy safety requirements.

The sense in which motor vehicles themselves are considered equipment may derive from the only dictionary definitions that seem relevant, from Webster's New International Dictionary (2d ed., 1935): "(4) In industry, the physical facilities available for production, including buildings, machines, tools, etc.

"5. *Railroads,* cars and locomotives; rolling stock, as contrasted with the roadbed and stations."[1]

In my opinion the word "equipment" in Insurance Code section 11580.2 was intended to apply to all those types of vehicles classed as equipment in the Vehicle Code and only to them. A dune buggy was not so classified and

---

[1]The third edition of Webster's New International Dictionary (1966) is much more comprehensive in its definitions and perhaps, because of the number of illustrative quotations, leaves it to the reader to make his own definitions.

is a motor vehicle not among those described in the exclusionary provisions of section 11580.2.

If, arguably, it is equipment within the meaning of that section, then the section is ambiguous as to the kinds of vehicles described as equipment, and on that basis, alternatively, there would be coverage.