CRAIG STEPEC, A MINOR, BY STEVEN A. STEPEC, GUARDIAN AD LITEM, AND ANOTHER v. FARMERS INSURANCE EXCHANGE.

222 N. W. 2d 796.

October 25, 1974—No. 44316.

435

*Edward J. Matonich,* for appellants.

*Appelquist, Donovan, Larson, Barnes, Mathias & Magie* and *Robert E. Mathias,* for respondent.

*Roger J. Nierengarten,* amicus curiae.

Heard before Knutson, C. J., and Otis, Peterson, Todd, and Scott, JJ., and considered and decided by the court en banc.

OTIS, JUSTICE.

The issue on this appeal is whether a snowmobile is a "motor vehicle" within the meaning of Minn. St. 65B.22, subd. 3, relating to uninsured-motorist coverage. The trial court held that it is not and we affirm.

This litigation arose out of a collision between two snowmobiles on a Morse township road in St. Louis County on November 24, 1971. The minor plaintiff, Craig Stepec, was injured while riding as a passenger on a snowmobile owned by Frank Shusta and operated by his minor son. The accident occurred when the Shusta snowmobile was struck by one owned by Jack Churne and operated by his minor son. It is undisputed that the sole cause of the collision was the negligence of young Churne.

Plaintiffs allege that the Churnes were uninsured and consequently have asserted this claim against the elder Stepecs' automobile liability carrier, the defendant, Farmers Insurance Company, to recover under the provisions of its policy pertaining to uninsured motor vehicles. Although Farmers asserts that

there is no evidence the Churne snowmobile was not covered by liability insurance, the matter was tried on the assumption that Churne had no coverage, and we will dispose of the issues accordingly.

1. Under the terms of the Stepecs' policy with Farmers, an uninsured motor vehicle does not include "a land motor vehicle or trailer operated on rails or crawler treads." The plaintiffs do not seriously dispute the fact that this provision of the policy excludes coverage. They do, however, make some point of the fact that the policy contains another provision which excludes "a farm type tractor or equipment designed for use principally off public roads, *except while actually upon public roads.*" (Italics supplied.)

With respect to the latter exclusion, it nowhere appears in the record that plaintiffs claimed coverage in the trial court, and that contention is accorded only casual treatment by the plaintiffs in this court. We have no difficulty in holding that the word "equipment" referred to in the exclusion applies only to farm equipment and does not cover snowmobiles. Consequently, the use of plaintiffs' snowmobile on the public road does not bring it within the uninsured-motor vehicle provisions of Farmers' policy.

2. The principal issue is whether in the absence of explicit coverage plaintiffs are entitled to recover under the provisions of Minn. St. 65B.22, subd. 3, the relevant portion of which provides as follows:

"No automobile liability or motor vehicle liability policy of insurance, included within the definition of policy of automobile liability insurance contained in subdivision 1, insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, under provisions

approved by the commissioner of insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicle, * * *."

The question before us is whether the legislature intended to include snowmobiles within the definition of motor vehicles under this statute.

Minn. St. 170.21, subd. 5, of the Safety Responsibility Act defines "motor vehicle" as follows:

" 'Motor vehicle' means every self-propelled vehicle which is designed for use upon a highway, including trailers and semi-trailers designed for use with such vehicles, except traction engines, road rollers, farm tractors, tractor cranes, power shovels, and well drillers."

The parties agree that §§ 65B.22, subd. 3, and 170.21, subd. 5, are in pari materia. A third statute on which the trial court relied and which we also find decisive is the definition of a snowmobile contained in Minn. St. 84.81, subd. 3. That statute provides:

" 'Snowmobile' means a self-propelled vehicle *designed* for travel on snow or ice steered by skis or runners." (Italics supplied.)

The word "designed" as defined in Webster's Third New International Dictionary (1961), p. 611, means "to plan or produce with special intentional adaptation to a specific end."

We cannot reconcile the plaintiffs' construction of the words "motor vehicle" used in the Safety Responsibility Act, § 170.21, subd. 5, with the statutory definition of a snowmobile. Under the former as we construe the word "designed," it is a vehicle intended and adapted for the purpose of "use upon a highway." On the other hand as we construe the snowmobile statute, it defines that vehicle as intended and adapted for the purpose of "travel on snow or ice."

Our conclusion is fortified by the expressed policy of the legislature to keep snowmobiles off the public highways, except under closely restricted conditions. Minn. St. 84.87, subd. 1(a),[1] contains a sweeping prohibition against the use of snowmobiles on public highways, except as expressly authorized by the governing body of a county, city, village, borough, or town. Equally significant is a provision in Minn. St. 84.87, subd. 3, which prohibits such a governmental unit from requiring a snowmobile operator to possess a motor vehicle driver's license. Minn. St. c. 171, requiring operators of motor vehicles to be licensed, expressly excludes snowmobiles. §§ 171.01, subd. 3, 171.02.

The plaintiffs vigorously contend that the practical realities governing the use of snowmobiles in northern Minnesota result in their operation on highways covered with ice and snow in the same manner as automobiles are used on highways. This argument, however, is not consistent with the legislative policy to which we have alluded. We hold that Minn. St. 65B.22, subd. 3, does not govern snowmobiles, and the judgment of the trial court is accordingly affirmed.

Affirmed.

MR. CHIEF JUSTICE SHERAN, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.

---

[1] Minn. St. 84.87, subd. 1(a), provides: "No person shall operate a snowmobile upon the roadway, shoulder, or inside bank or slope of any trunk, county state aid, or county highway in this state and, in the case of a divided trunk or county highway, on the right of way between the opposing lanes of traffic, except as provided in this act. No person shall operate a snowmobile within the right of way of any trunk, county state aid, or county highway between the hours of one-half hour after sunset to one-half hour before sunrise, except on the righthand side of such right of way and in the same direction as the highway traffic on the nearest lane of the roadway adjacent thereto. No snowmobile shall be operated at any time within the right of way of any interstate highway or freeway within this state."