DOWNEY, Judge.
Appellee Glenn C. Carter and appellant Claude Lowell Roberts, both experienced automobile mechanics, went to the home of David Scott to assist him in repairing the engine of his stock car racer. After the engine had been overhauled and replaced in the car appellee Glenn Carter proceeded to prime the carburetor with gasoline. Appellant Claude Roberts, seated in the car behind the wheel, started the engine; it backfired and Glenn Carter was severely burned. Thereafter the appellees Carter sued Roberts and his homeowner’s insurance carrier, State Farm Fire and Casualty Company; and the court, pursuant to jury verdicts, awarded them $27,000.00.
Appellants pose seven points for our consideration. We have thoroughly studied all of them, but only three warrant comment. The first is whether the policy State Farm issued to Roberts covered the injury to Carter. When the action was filed State Farm denied coverage. The trial court severed the threshold question of coverage and decided it adversely to State Farm. The carrier contended in the trial court and contends here that the fol *641 lowing exclusionary provision in its policy precluded coverage in the factual setting of this case:
“This policy does not apply: (b) under coverages E and F to the ownership, maintenance, operation or use, loading or unloading of (1) automobiles or midget automobiles while away from the premises or ways immediately adjoining, except under coverage E with respect to operation by independent contractors for non-business purposes of an insured not involving automobiles owned or hired by the insured.”
The policy defines “automobile” as follows:
“An automobile means a land vehicle or semitrailer but the term automobile does not include except when being towed by or carried on an automobile, any of the following: any crawler farm type tractor or farm type equipment, or if not subject to motor vehicle registration any equipment which is designed for use principally off public roads.”
Thus, the outcome of the coverage question turns on the subsidiary question whether the vehicle involved in this accident was an automobile as that term is defined in the policy.
The vehicle in question was at birth a 1961 Chevrolet. Scott had purchased it for $75.00 about six months before the accident and had modified it into a stock car for racing. At the time of the accident it had no head or tail lights; no horn, turn signals or muffler; no windows, except the windshield; no seats except one for the driver. It was equipped with a roll-cage or roll bars and a special suspension system for racing. The “thing” had no license plates, no State of Florida inspection sticker, nor was it registered with the State of Florida. No automobile insurance was carried on it; it was never operated upon a public highway; and it was used exclusively for stock car racing on race tracks. Vehicles such as that described are generally held not to be automobiles as defined in the kind of insurance policy involved in this case. Kansas Farm Bureau Insurance Company v. Cool, 205 Kan. 567, 471 P.2d 352 (1970); Walcott v. Hawkeye-Security Insurance Company, 189 Neb. 161, 201 N.W.2d 817 (1972); Beagle v. Automobile Club Insurance Co., Ohio Com.Pl., 18 Ohio O.2d 280, 176 N.E.2d 542 (1960); Livingston v. Nationwide Mutual Insurance Company, 295 F.Supp. 1122 (D.S.C.1969); Williams v. Cimarron Insurance Co., Tex.1966, 406 S.W.2d 173. We believe the trial judge was quite correct in holding the vehicle involved in this accident was not an automobile as defined in the policy in question, and that insurance coverage was thus available to the parties hereto.
The next question concerns the propriety of allowing attorney’s fees to the appellees and against appellant State Farm Fire and Casualty Company. Were this simply a case in which the insurance carrier for the tortfeasor denied liability and damages, the successful injured claimant would not be entitled to recover attorney’s fees against the carrier pursuant to § 627.-428, F.S.1973. Wilder v. Wright, Fla.App.1972, 269 So.2d 434, certiorari discharged, Fla., 278 So.2d 1. However, when an insurance carrier denies coverage in a suit by an injured claimant against the tortfeasor and his insurance carrier, the successful claimant is entitled to an award of attorney’s fees pursuant to § 627.428, F.S.1973. Central National Insurance Company v. Gonzalez, Fla.App.1974, 295 So.2d 694; Queen v. Travelers Insurance Company, Fla.App.1972, 258 So.2d 35. Accordingly, the allowance of attorney’s fees to appellees in the trial court was correct.
The final point worthy of mention is appellants’ assertion of error resulting from the trial court’s failure to instruct the jury on assumption of risk. We have carefully reviewed the transcript of the testimony at trial and agree with the trial judge that the facts did not justify such a *642 charge. The facts did justify an instruction on comparative negligence which was given, but we fail to find any basis upon which the jury could determine that appel-lee Glenn Carter assumed the risk that appellant Roberts would start the engine while Carter was pouring gasoline into the carburetor. In any event, our recent decision in Rea v. Leadership Housing, Inc., 312 So.2d 818, opinion filed May 16, 1975, has effectively eliminated assumption of risk as a defense separate and apart from comparative negligence.
Accordingly, the judgment appealed from is in all respects affirmed.
MAGER, J., and ALDERMAN, JAMES, E., Associate Judge, concur.