589 P.2d 464

**Oscar H. MANNY and Betty J. Manny, husband and wife, surviving parents of David H. Manny, Deceased, Appellants,**

v.

**AVEMCO INSURANCE COMPANY, a Foreign Corporation, Airway Casualty Company, aka and/or d/b/a Airway Insurance Company, a Foreign Corporation, and Airway Insurance, a/k/a and/or dba Airway Casualty Company, a Foreign Corporation, Appellees.**

No. 2 CA–CIV 2845.

Court of Appeals of Arizona, Division 2.

Nov. 17, 1978.

Rehearing Denied Dec. 13, 1978.

Review Denied Jan. 9, 1979.

Barber, Haralson & Kinerk, P.C. by Burton J. Kinerk, Tucson, for appellants.

Beer & Kalyna, P.C. by Olgerd W. Kalyna, Donald P. Roelke and Paul W. Beer, Phoenix, for appellees.

OPINION

HOWARD, Judge.

Appellants are the surviving parents of a student pilot who was killed when the plane in which he was receiving flight instruction crashed. Appellees will be collectively referred to as AVEMCO, which was the flight instructor's insurer. The question here is whether the insurance policy provided coverage for the death of a student pilot.[1] The trial court granted AVEMCO's motion for summary judgment, and we affirm.

The relevant portions of the insurance policy are:

"I. COVERAGE—Single limit Bodily Injury (excluding passengers) and Property Damage Liability

To pay on behalf of the Insured all sums which said Insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, ex-

---

1. See *Manny v. Estate of Anderson,* 117 Ariz. 548, 574 P.2d 36 (App.1977) for an earlier stage of this same controversy.

cluding passengers, and as damages because of injury to or destruction of property, including the loss of use thereof, caused by an occurrence and arising out of the use of an aircraft as defined herein, while providing dual flight instruction, as defined herein, as an instructor pilot.

\* \* \* \* \* \*

## EXCLUSIONS

The insurance provided by this Certificate does not apply:

\* \* \* \* \* \*

3. To bodily injury, sickness, disease or death of any occupant or passenger in the aircraft . . . .

\* \* \* \* \* \*

## DEFINITIONS

\* \* \* \* \* \*

(d) Passenger—shall mean any person while in, on or boarding the aircraft for the purpose of riding therein or alighting therefrom following a flight or attempted flight therein, including any person piloting the aircraft or acting as pilot-in-command."

These provisions clearly and unambiguously exclude from coverage anyone inside the airplane. It is farfetched to think that any reasonable person reading this policy would not be informed that it was not intended to provide coverage for a student pilot inside the plane.

Appellants urge that the principle enunciated in *Federal Insurance Co. v. P.A.T. Homes, Inc.*, 113 Ariz. 136, 547 P.2d 1050 (1976) should be applied in this case. In *Federal Insurance* the court said that ambiguity in an insurance policy is established if different courts can reach different conclusions as to meaning, intent, and effect of the contract, and that such ambiguity is to be construed against the insurance company. To show that different courts have reached different conclusions appellants cite *Mathews v. Ranger Insurance Company*, 281 So.2d 345 (Fla.1973) and *Pan American Fire & Casualty Co. v. Edwards Aircraft Inc.*, 377 F.Supp. 205 (N.D.Ala.1974). These two cases involved almost identical policies.

The *Mathews* court found enough ambiguity in the policy to hold that it provided coverage for the student pilot; *Pan American* held that it did not. The policies in these two cases, however, are sufficiently different from the one here to make their construction inapplicable for the *Federal Insurance* principle.

Like the policy here, the policy in *Mathews* clearly excluded passengers and pilots from coverage. It also excluded crew members. However, the policy in *Mathews* never used the word "occupant". In fact, the trial judge in *Mathews* reasoned in his judgment and opinion, which was in accord with the Florida Supreme Court opinion, that a student pilot must be considered neither a passenger nor a crew member because "[o]therwise, there would be no coverage at all for injuries or death to any occupant of the airplane. This is not what the policy—or assured—contemplated." *Ranger Insurance Company v. Mathews*, 267 So.2d 867, 869 n. 2 (Fla.Dist. Ct.App. 1972). Since the AVEMCO policy clearly states that there is no coverage for any occupant, this source of ambiguity in the *Mathews* policy has been eliminated. A further element of ambiguity for *Mathews* that is not present here was in the application. The application there was for insurance for limited commercial use, and the form provided by the insurance company defined "limited commercial" as "including Student Instruction . . . but excluding passenger carrying . . . ."

Appellant contends that the policy in *Mathews* was less ambiguous than the one before us because it announced on its first page, all in capital letters, that no one within the airplane was covered by the policy. Courts are as capable of ambiguity as insurance companies. What the Florida court was apparently trying to say was that the insurance policy ought to have carried such a statement, not that it in fact did.

Appellants' argument that the individual terms in the policy are ambiguous is not persuasive. They argue that a student pilot is not a passenger because he is in the plane to learn to fly, not "for the purpose of riding therein"; that he is not a pilot because FAA regulations require a current

pilot certificate before he can be a pilot in command; that the word "occupant" is ambiguous because courts have held that people inside a house or apartment are not occupants for some purposes. This argument does not overcome the clear intent expressed by the policy as a whole that people riding within the airplane are not covered.

Appellants also argue that the policy is ambiguous because it purports to provide coverage during flight instruction and then tries to exclude those whose coverage would be the flight instructor's primary concern, his students. While it may be true that a flight instructor's primary concern is his student pilot, the flight instructor contracted with AVEMCO for an insurance policy which clearly did not include occupants of the plane. We cannot rewrite the policy for appellants.

Affirmed.

HATHAWAY, J., and HENRY S. STEVENS, Retired Judge, concur.