BERRY, APPELLANT, *v.*
MOTORISTS MUTUAL INSURANCE
COMPANY, APPELLEE.

(No. 46840—Decided December 27, 1983.)

Mr. *William T. Neubert,* for appellant.

Mr. *John M. Baker,* for appellee.

PRYATEL, J. Plaintiff-appellant, Joe P. Berry, was injured by a Ford 4500 Tractor Loader Backhoe ("Ford 4500 TLB") while it was operated off a public road by a person not a party to this action. Its operator did not have liability insurance; therefore, appellant filed an uninsured motorists claim under his own insurance policy written by defendant-appellee, Motorists Mutual Insurance Company ("Motorists Mutual"). Motorists Mutual denied coverage, stating that the provision for uninsured motorists did not apply to injuries caused by equipment such as a Ford 4500 TLB. This backhoe was described as equipment primarily used in construction. Its main function is excavation. This type of backhoe is rarely driven on public roads, and then only for short distances between work sites.

Appellant then filed a declaratory judgment action against Motorists Mutual seeking an order that his policy did cover such injuries. The trial court ruled in favor of Motorists Mutual. We affirm for the following reasons.

Appellant assigns six errors for review.

"I. The trial court erred when it determined, in Conclusions of Law Nos. 1 and 2, that a backhoe is not a motor vehicle for which coverage is required by Ohio Revised Code Section 3937.18, the uninsured motorists statute; and such determination was against the manifest weight of the evidence."

"III. The trial court erred when it determined, in Finding of Fact No. 12, that the backhoe was not a land motor vehicle, which finding is contrary to the weight of the evidence."

These two assignments of error will be treated together as they address the same facts.

Ohio statutory law requires all insurance policies for motor vehicle liability to include coverage for injuries sustained by the operation of uninsured motor vehicles.[1] The parties agree that appellant had a motor vehicle liability insurance policy on his automobile written by Motorists Mutual. They further stipulated that said policy, in accordance with Ohio law, contained a provision covering ap-

---

[1] The relevant portion of R.C. 3937.18 reads as follows:

"(A) No automobile liability or motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless both of the following are provided:

"(1) Uninsured motorist coverage, which shall be in an amount of coverage equivalent to the automobile liability or motor vehicle liability coverage and shall provide protection for bodily injury or death under provisions approved by the superintendent of insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom;"

pellant if he was injured by the operator of an uninsured motor vehicle. Appellant argues that a Ford 4500 TLB is a motor vehicle, and thus, Motorists Mutual is required by R.C. 3937.18 to provide coverage for injuries caused by the operation of said backhoe.

The Ohio Supreme Court has ruled that the meaning of "motor vehicle," as used in R.C. 3937.18, is defined in R.C. 4501.01(B). *Metropolitan Property & Liability Ins. Co.* v. *Kott* (1980), 62 Ohio St. 2d 114, 115-116 [16 O.O.3d 139]. The definition of "motor vehicle" provided in R.C. 4501.01(B) is the following:

" 'Motor vehicle' means any vehicle, including house trailers and recreational vehicles, propelled or drawn by power other than muscular power or power collected from overhead electric trolley wires, *except* motorized bicycles, road rollers, traction engines, power shovels, power cranes, and *other equipment used in construction work and not designed for or employed in general highway transportation,* well drilling machinery, ditch digging machinery, * * *." (Emphasis added.)

The trial court found that the Ford 4500 TLB was not a "motor vehicle" since it fell within one or both of the following two exceptions enumerated in the above definition: "equipment used in construction work and not designed for or employed in general highway transportation" or "ditch digging machinery." The trial court based this conclusion on the evidence presented at trial on this issue, including the following pertinent facts. Ford 4500 TLBs are not required by Ohio law to have license plates. Apparently, the Department of Transportation does not perceive these machines to be motor vehicles. Furthermore, while TLBs are operated on public roads, they are driven only short distances to move them from one work site to another. Moreover, they are primarily designed and used for excavation.

Judgments supported by some competent credible evidence will not be reversed by an appellate court for being against the manifest weight of the evidence. *C. E. Morris Co.* v. *Foley Construction Co.* (1978), 54 Ohio St. 2d 279 [8 O.O.3d 261]. We hold that there was sufficient evidence to support the trial court's conclusion that a Ford 4500 TLB is not a motor vehicle within the meaning of Ohio's statutory mandate that insurance companies provide coverage for the operation of uninsured motor vehicles.

Appellant further argues that the policy itself, which covers "land motor vehicles," while the statute covers "motor vehicles," must have a different definition of motor vehicle than does the statute. We find no merit in this argument. The addition of the word "land" merely reveals an intention to clearly exclude watercraft or aircraft as well as the other vehicles and trailers excluded by the terms of the policy: those that run on rails or crawler treads, farm-type tractors and other equipment designed principally for use off public roads, and vehicles used as residences.

Appellant's first and third assignments of error are overruled.

"II. Even if a backhoe is not a motor vehicle as defined in Ohio Revised Code Section 4501.01(B), the trial court erred, as a matter of law, in Conclusions of Law Nos. 1 and 2, when it relied upon the uninsured motorists statute as a basis for determining that appellee's uninsured motorists insurance policy does not provide coverage for injuries arising from the operation of a backhoe."

Under this assignment of error, appellant first argues that R.C. 3937.18, which sets the minimum requirements for mandatory uninsured motorists coverage, does not preclude an insurer from providing broader coverage. While we agree with this assertion, it is not an issue in this case. The trial court did not rule that an insurer could not provide broader coverage than that mandated by R.C. 3937.18. Instead, the court held that R.C.

3937.18 cannot be extended to include coverage of Ford 4500 TLBs, since it is not a motor vehicle as defined by the law.

Also under this assignment, appellant claims that the policy, rather than the statute, provides him coverage. The parties stipulated that the policy provides uninsured motorists coverage only for accidents caused by the use of an uninsured "highway vehicle." The parties also agreed that the policy defines "highway vehicle" as:

"a land motor vehicle or trailer other than:

"(a) A farm-type tractor or other equipment designed for use principally off public roads, while not upon public roads,

"(b) A vehicle operated on rails or crawler treads, or

"(c) A vehicle while located for use as a residence or premises;"

Motorists Mutual argues that a Ford 4500 TLB falls within exception (a), that is, a land motor vehicle other than "equipment designed for use principally off public roads, while not upon public roads." The trial court agreed. However, appellant argues that this quoted portion of the policy indicates an intent to provide broader coverage than that required by R.C. 3937.18. Comparing the policy with the statute (insofar as it pertains to this assignment of error), R.C. 4501.01(B) defines a "motor vehicle" as "any vehicle, including house trailers * * *." The policy defines a "highway vehicle" as "a land motor vehicle or trailer."

R.C. 4501.01(B) excludes (from the definition of a motor vehicle) "* * * traction engines * * * and other equipment used in construction work and not designed for or employed in general highway transportation, * * * ditch digging machinery, * * *." The policy excludes equipment that is not a motor vehicle as well as equipment designed for use principally off public roads, while not upon public roads.

We conclude that neither the policy nor the statute extends coverage to Ford 4500 TLBs.

The second assignment of error is without merit.

"IV. The trial court erred when it determined, in Finding of Fact No. 13 and Conclusions of Law Nos. 3, 4 and 7, that the policy language is not ambiguous and that the policy excludes from coverage 'any type of equipment that is designed for use principally off public roads.' "

As stated before the insurance policy provided coverage for accidents caused by the use of uninsured "highway vehicles."

Appellant argues that the trial court erred in finding that the policy's definition of "highway vehicle" is *not* ambiguous. The disputed portion of that definition is as follows:

"a land motor vehicle or trailer other than:

"(a) A farm-type tractor or other equipment designed for use principally off public roads, while not upon public roads, * * *."

Appellant argues that exception (a) is subject to two meanings:

(1) that only farm-type tractors and other farm-type equipment designed for use principally off public roads are excluded from coverage [while not upon public roads], or

(2) that farm-type tractors and other equipment (both farm type and non-farm type) designed for use principally off public roads are excluded from coverage.

According to appellant, the first interpretation does not exclude a backhoe. Hence, the trial court erred in determining that the second interpretation, which does exclude a backhoe, is clearly and unambiguously the one expressed in the policy. We find no ambiguity here. If coverage was intended to exclude only farm-type equipment, the policy would contain the words "and other farm type equipment," which is the language appellant supplies. Had that been the intention of the insurer, it easily could have said so.

We note that one court has found the identical phrase in an insurance contract to be unambiguous. *Beagle* v. *Auto. Club Ins. Co.* (C.P. 1960), 86 Ohio Law Abs. 67 [18 O.O.2d 280]. The plaintiff in that case also argued that the words "other equipment" only referred to farm equipment and that the phrase was ambiguous. The court disagreed, pointing out:

"* * * [I]f the exception was just the words 'a farm type tractor or other equipment' there would be some substance to this claim, but the language is not general but specifies that such equipment be designed for use principally off public roads. That, in effect is true also of farm tractors — they are designed for use principally on the farm and not on the highways. The Court feels this exception is not ambiguous and means just what it says. * * *" *Id.* at 70.

Appellant cites cases from other jurisdictions that have found a similar (but not identical) phrase to be ambiguous. On the other hand, Motorists Mutual cites cases from other jurisdictions that have ruled similar phrases to be unambiguous. None of these cases except *Beagle, supra,* is helpful, since they interpret language that does not include the word "other" in the phrase "farm-type tractor or other equipment," or their rulings concern a different section of the policy.[2]

We conclude that "[a] farm-type tractor or other equipment designed for use principally off public roads" clearly refers to all types of other equipment (not just farm equipment) that is designed principally to be used off the roads. We therefore overrule appellant's fourth assignment of error.

"V. The trial court erred when it refused to admit, except as a proffer, the testimony of the appellant's expert witness as to the ambiguity of the policy language 'farm-type tractor or other equipment designed for use principally off public roads.' "

The rule on the admissibility of expert testimony is stated in Evid. R. 702:

"If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise."

Thus, expert testimony must only be accepted when it is necessary to assist the trier of fact to understand a fact in issue. If the fact in issue concerns a question that is not complex or beyond the comprehension of the average trier of fact, expert testimony on the issue may be excluded. *Trebotich* v. *Broglio* (1973), 33 Ohio St. 2d 57 [62 O.O.2d 410]. Furthermore, the trial court has broad discretion in determining the admissibility of expert testimony and its decision must be affirmed unless manifestly erroneous. *Salem* v. *United States Lines Co.* (1962), 370 U.S. 31, 35-37. We have reviewed the proffered testimony and we hold that the trial court did not abuse its discretion in determining that this testimony would not be helpful to the trier of fact.

Appellant also argues that Motorists Mutual did not object to the testimony on the grounds that it was not useful in determining the issue of fact in question. We disagree. Motorists Mutual's counsel objected as follows:

.

[2] Appellant cites the following cases: *Allstate Ins. Co.* v. *Almgreen* (Fla. App. 1979), 376 So. 2d 1184; *State Farm Mut. Auto. Ins. Co.* v. *Mrozek* (1972), 29 Cal. App. 3d 113, 105 Cal. Rptr. 189; *Stepec* v. *Farmers Ins. Exchange* (1974), 301 Minn. 434, 222 N.W. 2d 796; *Thompson* v. *Government Employees Ins. Co.* (App. 1979), 122 Ariz. 18, 592 P. 2d 1284.

These cases, as well as *Livingston* v. *Nationwide Mut. Ins. Co.* (D. S.C. 1969), 295 F. Supp. 1122, affirmed (C.A. 4, 1970), 419 F. 2d 837, interpret policy language that omits the word "other" in the phrase "farm-type tractor or other equipment designed for use principally off public roads."

"I object to the witness' testimony on the ultimate issue of fact and on matters of contract which speaks for itself."

Thus, Motorists Mutual's counsel clearly objected on the grounds that the words in the contract needed no explanation by an expert. The fifth assignment of error is without merit.

"VI. The trial court erred when it determined, in Finding of Fact No. 6 that a Ford 4500 TLB backhoe is 'designed and used for * * * farm applications'; which finding is contrary to the manifest weight of the evidence."

There is ample competent evidence to support the trial court's finding that a backhoe is used for farm, as well as industrial, commercial and construction operations. This last assignment of error lacks merit. We concur with the lower court that the Ford 4500 TLB is not a motor vehicle as defined under the statute or under the policy.

The judgment of the trial court is affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

*Judgment affirmed.*

PATTON, C.J., and PARRINO, J., concur.