**Elwood ROSENBAUM, Appellant,**

v.

**SAFECO INSURANCE COMPANY OF AMERICA, a corporation, Appellee.**

Court of Appeals of Kentucky.

Sept. 27, 1968.

R. Bruce Lankford, J. Patrick Sullivan, Lexington, for appellant.

B. L. Kessinger, Jr., Lexington, for appellee.

CULLEN, Commissioner.

Elwood Rosenbaum sustained personal injuries in a collision upon a public highway involving his automobile, another automobile, and a horse-drawn farm wagon. Rosenbaum's liability insurance policy with Safeco Insurance Company of America had an "uninsured motorist" endorsement which in substance provided that Safeco would compensate Rosenbaum for bodily injuries caused by the negligence of the operator of an "uninsured automobile."

Conceiving that under the definitions set forth in the policy a horse-drawn farm wagon being operated on a highway was an "automobile," Rosenbaum brought action against Safeco seeking to recover for his injuries. The circuit court entered judgment dismissing the complaint, from which judgment Rosenbaum has appealed.

The policy, after defining an "uninsured automobile" as an "automobile" on which no liability insurance is carried, proceeds with a statement of what the term "uninsured automobile" shall *not* include, among which is

> "a farm type tractor or equipment designed for use principally off public roads, except while actually upon public roads."

The contention of the appellant is simply that the word "equipment" in the exclusion clause is not limited to self-propelled vehicles but covers any kind of farm equipment (presumably even a kind without wheels). The appellant says that the quoted clause does not *limit* the definition of "automobile" but *expands* it to cover things that normally would not be considered to be automobiles.

The circuit court did not accept this proposition, nor do we. In our opinion the "plain meaning understandable to Joe Doakes the average person" (which both parties to this appeal agree should be what counts), of the clause in question is that any kind of farm equipment which an ordinary person might consider would fall in the broadest character of an "automobile" shall be so considered only when being operated upon a public highway. It cannot reasonably be construed to mean that something not even remotely resembling an automobile, in the farthest stretch of imagination, will be counted as one if somehow it occupies a public highway. The whole sense of the clause is one of exclusion, not of expansion. We think the clause must be considered to embrace only such "equipment" as is automotive in character.

It is reasonably clear that the primary inducement for "uninsured motorist" coverage is the providing of protection in the situation where injury is inflicted by a vehicle of a type on which liability insurance customarily is carried. In other words, the idea is that a person can buy, from his own insurer, protection against the failure of the other fellow to carry normal liability coverage. Surely there has not been much concern about insuring oneself against the failure of other people to carry insurance on things which normally are not insured.

The appellant cites no case in which the word "automobile", in any context, has ever been construed to include a horse-drawn wagon. We cannot believe that Safeco intended to become the pioneer in such a development, or that the appellant had any such belief when he purchased the policy.

The judgment is affirmed.

All concur.