Argued January 8, affirmed February 13, 1975

# BECK, *Appellant, v.* UNIGARD INSURANCE COMPANY, *Respondent.*

531 P2d 907

*Robert C. Robertson, Medford,* argued the cause for appellant. With him on the brief were Van Dyke, Du-Bay, Robertson & Paulson, P. C., Medford.

*William E. Duhaime,* Medford, argued the cause for respondent. With him on the brief were Brophy, Wilson & Duhaime, Medford.

DENECKE, J.

At issue is the meaning of an exclusion and a definition clause of an automobile liability policy.

The record consists of a statement of agreed facts and exhibits.

The plaintiff's husband was at a race track acting as a pitman for his brother who was a race car driver. A race car operated by another accidentally left the track and struck and killed the husband.

The policy issued by the defendant to the plaintiff and her husband provided that the company would pay the funeral expenses of an insured killed by being struck by an automobile. The policy, however, excluded such coverage if the insured was struck by, "a farm type tractor or other equipment designed for use principally off public roads, while not upon public roads, or (2) a vehicle operated on rails or crawler treads."

The policy also provided that a death benefit would be paid if the insured was killed "through being struck by an automobile." Automobile is defined as not to include "a farm type tractor or other equipment

McAllister, J., did not participate in the decision in this case.

designed for use principally off public roads except while actually upon public roads * * *."

The question is, was the race car that struck plaintiff's husband "equipment designed for use principally off public roads." The trial court found it was and held for the defendant.

The car started its career as a standard Chevrolet passenger car. A race driver purchased it and modified it so that it classified as a "superstock" racer. After modification it was not licensed for operation on public roads and had never been operated on public roads. The owner hauled it from race track to race track on a specially designed trailer.

Plaintiff cites *Bourgon, Admr. v. Farm Bur. Mut. Ins. Co.,* 128 Vt 593, 270 A2d 151 (1970), in which the court held, for the purposes of a death indemnity clause, that a "bush buggy" was not "equipment designed for use principally off public roads." 128 Vt at 595. The vehicle had been stripped of equipment which was necessary to enable it to be licensed to travel on public highways. It was towed on highways. The court said: "As we view it, there must be a substantial change in identity from a motor vehicle in the usual sense to equipment designed for use principally off public roads." 128 Vt at 595.

In *Beagle v. Automobile Club Insurance Co.,* 86 Ohio Abs 67, 18 Ohio2d 280, 176 NE2d 542 (1960); *Williams v. Cimarron Insurance Co.,* 406 SW2d 173 (Tex 1966); *Livingston v. Nationwide Mutual Insurance Co.,* 295 F Supp 1122 (D SC 1969); and *Walcott v. Hawkeye-Security Insurance Company,* 189 Neb 161, 201 NW2d 817 (1972), two trial courts and two appellate courts held that racing cars which were similar

to that which struck the plaintiff's husband were "equipment designed for use principally off public roads."

The court in *Kansas Farm Bureau Insurance Company v. Cool*, 205 Kan 567, 471 P2d 352 (1970), held a "dune buggy" was "equipment designed for use principally off public roads." The "dune buggy" was built from a three-quarter ton truck, was not equipped so as to be licensed for highway travel and was not so used.

The clause refers to equipment "designed for use." The question was raised whether design should be construed to mean the design consisting of the modifications made to create a racing car or the original design which was a standard passenger car to be used on the highway. It seems to us that it must be the former. Whatever the purpose of the clause, it must have been intended to exclude certain kinds of vehicles when used off public roads. Whatever use the car was originally designed for would be irrelevant to this purpose.

It seems clear that if the clauses in defendant's policy only stated that death caused by "equipment designed for use principally off public roads" was excluded, there would be no coverage. The racing car was designed only for that purpose.

Plaintiff points out that the exclusion is not, however, simply written "equipment designed for use principally off public roads." This language is preceded by "a farm type tractor or other equipment * * *." Plaintiff contends the rule of contract and statutory construction, *ejusdem generis,* is applicable. The principle of *ejusdem generis* is that when general

words such as "other equipment" are used after specific words such as "a farm type tractor," the general words are to be restricted to the same kind of subjects as stated by the specific words. Several of the cases favorable to the defendant have satisfactorily answered this argument. Those courts reasoned that the words following "farm type tractor" are not general words such as "other equipment." The words are specific, "other equipment designed for use principally off public roads." Farm tractors are only one kind of equipment designed for use principally off public roads.

We conclude that the equipment intended to be excluded should not be limited to equipment similar to "farm type tractors"; that the clauses were intended to exclude all "equipment designed for use principally off public roads." The clauses, therefore, exclude the racing car that killed plaintiff's husband.[1]

---

[1] The reason for or purpose of a contract or statutory provision is usually a great aid to interpretation. Counsel were unable to furnish us with any specific reason for the clauses in question.

The funeral expenses and death indemnity coverage may be considered as part of the uninsured motorist coverage. Oregon Laws 1971, ch 523, § 2, and Oregon Laws 1973, ch 551, § 1, indicate that the funeral expenses coverage is part of the uninsured motorist coverage.

The reason for such an exclusionary clause in the uninsured motorist provisions of the policy may be found in Commissioner Cullen's opinion in Rosenbaum v. Safeco Insurance Company of America, 432 SW2d 45, 47 (Ky 1968). In that case the plaintiff was struck by a horse-drawn farm wagon. Plaintiff sought recovery under his uninsured motorist coverage which excluded from the definition of automobile "a farm type tractor or equipment designed for use principally off public roads." The court stated:

"It is reasonably clear that the primary inducement for 'uninsured motorist' coverage is the providing of protection in the situation where injury is inflicted by a vehicle of a type on which liability insurance customarily is carried. In other words, the idea is that a person can buy, from his own insur-

Affirmed.

er, protection against the failure of the other fellow to carry normal liability coverage. Surely there has not been much concern about insuring oneself against the failure of other people to carry insurance on things which normally are not insured."

We have not pursued this subject because there is no evidence whether race cars are normally insured or not insured against liability for injuries caused by off-the-road operation.