HUMPHRIES, Judge.
This is an appeal from a judgment denying the plaintiffs’ relief for damages for the death of their daughter.
The tragic and unfortunate accident befell the plaintiffs’ daughter, who was thirteen years and nine months, when she fell from a tractor driven by Edward LeBouef.
John C. Savoie (Savoie) and Edward Le-Bouef (LeBouef) were neighbors, good friends and first cousins. They both held public jobs and both owned property for small farming operations as a sideline. Being thus closely connected over the years, they helped one another quite frequently. It was more or less an understanding that when one or the other needed help that that one called upon the other and he responded. In keeping with this unwritten understanding, Savoie contacted LeBouef and advised him that he wished to cut hay the next day and would need his help. LeBouef came to Savoie’s place and the two were engaged in the cutting of hay by the use of a tractor to which was attached a bush hog. At the time of the accident they were from fifteen hundred to two thousand feet apart.
Savoie’s daughter, Johnette, had been off visiting but came home in the early afternoon. She came to the hay field and got on LeBouef’s tractor. This was a common occurrence. Savoie’s son had been riding on the tractor earlier. Johnette was standing on the running board or step while on the tractor. LeBouef had made one round with her in this position when, on the second round the tractor ran over one ant hill, approximately twelve to fifteen inches high, which tilted the tractor in one direction and then immediately ran over another ant hill, of a like height, which tilted the tractor in the opposite direction. This maneuver caused Johnette to be dislodged and thrown under the tractor and the bush hog. It occurred so fast that LeBouef was not able to stop the tractor.
This matter presents three issues: (1) Was LeBouef an employee of Savoie and thus covered by Savoie’s comprehensive personal insurance; (2) was LeBouef guilty of negligence; and (3) were Johnette and the plaintiffs free of contributory negligence.
Since we are convinced that Le-Bouef was not an employee, within the *916 contemplation of the insurance policy, we will base our opinion on that issue and not address the issue of liability per se.
The arrangement that Savoie and Le-Bouef had was exceedingly loose. Each would help the other when help was needed, if the other were not otherwise occupied. Neither would be paid by the other. On this occasion, LeBouef was to receive no money but was to get some of the hay not needed by Savoie. He brought his own tractor and bush hog. Being experienced, he was not instructed by Savoie in any regard; he was free to leave whenever he desired.
Savoie had what is designated “Farmer’s Comprehensive Personal Insurance”. This policy is restricted to premises liability and covers the insured, his spouse and relatives or other persons under twenty-one in his care and any employee of any insured.
The pertinent provision of the policy regarding employee is as follows:
V. Persons insured

(c) Under coverages L and M, with respect to any vehicle to which this insurance applies, any employee of any insured while engaged in the employment of the insured.
The cases are legion that seek to define “employee”. Even though the term “employee” is difficult to define it does not follow, as contended by the plaintiff, that the policy should then be held to contain an ambiguous term and interpreted against the insurer and, ergo, plaintiff recovers. The role of the court was announced in Andrus v. Police Jury of Parish of Lafayette et al., 270 So.2d 280 (La.App., 3rd Cir., 1972) where the Court stated:
It is true that the use of words in the communication of intent is less than perfect, and that some misinterpretation however slight is invariably encountered. These normal shortcomings in communication do not however justify judicial rewriting of insurance policies when there is no real ambiguity. .
A leading case on this subject matter is Alexander v. J. E. Hixson and Sons’ Funeral Home et al., 44 So.2d 487 (La.App., 1st Cir., 1950). In that case, the plaintiff brought an action for workmen’s compensation benefits on the contention that he was an employee of the defendant and was injured during the course of his employment. The facts in the case were that the plaintiff owned and operated a floral business and the defendant owned and operated a funeral home, both in the town of Sulphur, Louisiana. The plaintiff and the manager of the defendant’s business entered into an agreement whereby one agreed to help the other in his business if that one was not too occupied with his own business. The help arrangement in that case was quite similar to the case now before the Court, except in the type of work performed. There, the Court held that there are four primary evi-dentiary factors to be considered in deciding the relationship of employer-employee, to-wit:
(1) Selection and engagement.
(2) Payment of wages.
(3) Power of dismissal.
(4) Power of control.
Based upon the above criteria the Court found that the relationship between Alexander and the defendant’s manager was “a reciproqal good fellowship agreement for mutual benefit”.
A policy of insurance must be interpreted as any other contract and we are admonished in how to interpret contracts or words in a contract by C.C. Article 1946.
Art. 1946. The words of a contract are to be understood, like those of a law, in' the common and usual signification, without attending so much to grammatical rules, as to general and popular use.
The trial Judge correctly analyzed the facts, interpreted the policy and applied the law to both as follows:
The use of the word “employee” in the definition of an insured must be given its ordinary and usual meaning, even in the construction of an insurance contract, despite the general rule that ambiguous terms must be construed against the in-
*917 surer. When considering whether or not a person is an employee, it is generally understood that the power of control by the employer is the principle factor in determining if such relationship actually exists.
In the case of Alexander v. J. E. Hixson and Sons’ Funeral Home, 44 So.2d 487, a workmen’s compensation case, the Court held that a somewhat similar arrangement did not constitute an employer-employee relationship, and set forth several factors which should be considered in arriving at such conclusion.
In the present case, certainly Mr. Sa-voie had no right to exercise any control over the actions of Mr. LeBouef. No wages were paid to the latter, nor was there any agreement for wages or other compensation. They had no definite agreement with respect to what was actually being exchanged by the parties or the value thereof, nor was there any obligation between them in this connection.
All things considered, the Court does not believe that the relationship which existed between Mr. LeBouef and Mr. Savoie could in any reasonable sense of the word be deemed an employment relationship, which is required for Mr. Le-Bouef to have been an insured under the subject policy at the time of this unfortunate and tragic accident.
For the above reasons, the judgment of the district court is affirmed at the costs of plaintiffs-appellants.
AFFIRMED.
WATSON, J., dissents, being of the opinion there is coverage under the policy.