MARVIN, Judge.
Defendant (Werntz) appeals from a judgment on a contract for the sharing of insurance commissions with plaintiff. We affirm.
The insurance premiums were paid Werntz by a doctor for whom Werntz had devised a pension plan which would qualify under federal law and allow the doctor’s contributions to be deducted from his taxable income. Werntz and plaintiff, Carpenter, were among several insurance agents who negotiated with the doctor about a pension plan for the doctor’s medical clinic. Carpenter, who enjoyed the doctor’s confidence, had served previously as the doctor’s insurance agent and had done preliminary work on a plan for the doctor’s consideration.
While Werntz was licensed to sell insurance, its apparent sales technique and method of conducting its business was to charge the client an hourly rate for actuarial and other services in establishing and implementing a plan. Werntz informed the doctor that the charge for its services could be less than the insurance commission, arid if so, the excess commission after deduction of Werntz’s charges, could be paid to any insurance agent the doctor desired. The doctor agreed to Werntz’s proposals and directed that the excess commission be paid to Carpenter.
Werntz prepared the eventual contract with Carpenter shortly after it had contracted with the doctor. The Werntz-Car-penter contract, dated November 12, 1973, reads in part:
“Werntz . . . will receive commissions equivalent to the fees charged for . services in establishing the pension plan and other consulting services performed for [the doctor].
. The total . . . fees will be deducted from the [insurance] commissions paid Werntz . . . with the remainder paid by Werntz ... to . Carpenter. * * *
“There will be deducted from the total renewal commissions paid to the actuary [Werntz] for . . . annual work on the pension plan at . $35.00 per hour. The time estimated for this work is 10 to 12 hours. After this fee has been paid the remaining commission will be divided equally between Werntz and . . . Carpenter.”
On December 17, 1973, Werntz sent Carpenter its check for $1,500 as Carpenter’s portion of the initial insurance commission of $5,924. Carpenter thrice demanded of Werntz an accounting as to the apportionment of the commission. Carpenter filed suit in June 1974, contending that Werntz’s hourly charges should not have exceeded $2,000, and seeking judgment and an accounting of the policies written, the premiums received, and the number of hours worked by Werntz.
Werntz attempted to establish that its employees worked 171 hours ($5,985) and that no commission remained for payment *1020 to Carpenter. An expert witness called by Carpenter testified that the work could have been done in approximately ten hours. The lower court found that 52.5 hours had been worked by Werntz and rejected all other hours claimed by Werntz because Werntz was admittedly working on an estate plan for the doctor. See Annotation, “. . . [E]state Planning Activities as Illegal Practice of Law”, 22 ALR 3d 1112; R.S. 37:213.
The contract sued on contemplates Werntz’s services in establishing the pension plan and performing other consulting services. It also contemplates 10-12 hours “annual work” which will be paid from the renewal commission. It is arguable as to whether or not the contract contemplates estate planning work. The matter is further complicated by R.S. 22:1214(A)(8) which forbids an agent to the rebate of any part of a commission received for the sale of a life insurance policy. The ambiguity as to whether or not estate planning services are contemplated by this contract must be construed against Werntz, who prepared the contract. C.C.Art. 1957; Kuhn v. Stan A. Plauche Real Estate Co., 249 La. 85, 185 So.2d 210 (1966); Edwards v. Terminix 57, Inc., 292 So.2d 851 (La.App.2d Cir., 1974).
The pleadings do not raise the issue of Werntz’s engaging in the unauthorized practice of law. Werntz argues here that all estate planning does not constitute the unauthorized practice of law and that Werntz should be paid for work clearly authorized by the American Bar Association and the National Association of Life Underwriters in a joint Statement of Principles With Respect to the Practice of Law. We commend the able trial judge for his diligence to the profession, but find it unnecessary for us to decide what items of work by Werntz on the estate plan were or were not authorized by the Statement of Principles, supra, because we have construed the contract as to its coverage of estate plan charges against Werntz.
Werntz lastly contends Carpenter is a third-person or stranger to the contract between Werntz and the doctor, and is therefore without standing to assert that Werntz, being guilty of the unauthorized practice of law, cannot charge for the hours worked on the estate plan, citing Placid Oil Company v. Taylor, 306 So.2d 664 (La.1975). This contention is also rendered moot because we have held the contract not to have contemplated charges for estate planning for the doctor by Werntz.
The contract between Werntz and Carpenter has, as its basis, or cause, the agreement between Werntz and the doctor. The Werntz-Carpenter contract expressly provides that it may be terminated at any time by the doctor. We see no great injustice resulting to the doctor from the result below. Indeed the result achieves substantial justice and is without manifest error.
At appellant’s cost, judgment is
AFFIRMED.