CULPEPPER, Judge.
This suit involves the construction of an insurance policy. The plaintiff’s spouse, Phillip Carney, was killed while driving a Ford Formula F race car in a racing event. The plaintiff claims death benefits of $5,000, as the beneficiary of. a “Family Combination Automobile Policy.” Subject to certain exclusions, the policy covers death caused by injuries sustained while in an “automobile”. The defendant insurer, American Fire and Indemnity Company, denied coverage on the basis that the vehicle in which the insured was killed was not an “automobile” within the meaning of the policy. The trial court found no coverage under the terms of the policy and entered judgment in favor of the defendant. From this judgment, the plaintiff has appealed.
The substantial issue is whether the language in the policy which defines “automobile” is ambiguous and should therefore be construed against the insurer and in favor of the insured.
At the outset, we recognize the established rule that any ambiguity in an insurance policy must be construed in favor of the insured and against the insurer. Craft v. Trahan, 351 So.2d 277 (La.App. 3rd Cir. 1977); Rushing v. American Insurance Company, 274 So.2d 458 (La.App. 3rd Cir. 1973). This rule is based on the general principles set forth in LSA-C.C. Articles 1945, 1946, 1957 and 1958 as to the construction of contracts.
The plaintiff seeks recovery under Part V of the policy captioned “Automobile Accidental Death Indemnity and Automobile Total Disability.” This part provides for payment to the beneficiary in the event of death resulting from bodily injury sustained by the insured while “in, or upon, or while entering into or alighting from, or through being struck by, an automobile.” Section 3 of Part V defines an automobile as follows:
“With respect to this insurance the word ‘automobile’ means a land motor vehicle, trailer, or semi-trailer not operated on rails or crawler-treaders, but does not mean: (1) a farm type tractor or other equipment designed for use principally off public roads, except while actually upon public roads, or (2) a land motor vehicle or trailer while located for use as a residence or premises and not as a vehicle.”
The parties stipulated that Phillip Carney, the husband of the plaintiff, was killed on March 19, 1977 while driving a Formula F racing vehicle in a racing event at the Texas World Speedway in Bryan, Texas.
The plaintiff contends that the policy language, “a farm type tractor or other equipment designed for use principally off public roads”, is ambiguous and therefore should be construed against the insurer. Although this wording is standard in a 1955 “Family Automobile Policy”, the issue of whether this language is ambiguous has not been resolved in an appellate opinion in this state. The Supreme Courts of four of our sister states, Kansas, Oregon, Nebraska and Texas, as well as an appellate court of Ohio, have held that this exact language in a *1388 policy is not ambiguous. Beck v. Unigard Insurance Company, 271 Or. 261, 531 P.2d 907 (1975); Walcott v. Hawkeye-Security Insurance Company, 189 Neb. 161, 201 N.W.2d 817 (1972); Kansas Farm Bureau Insurance Company v. Cool, 205 Kan. 567, 471 P.2d 352 (1970); Williams v. Cimarron Insurance Company, 406 S.W.2d 173 (Tex.1966); Beagle v. Automobile Club Insurance Company, 1976, N.E.2d 542 (Court of Common Pleas of Ohio, 1960). We find no cases to the contrary.
These decisions all agree that the language in question excludes two distinct classifications: (1) farm type tractors and (2) any other type of equipment which was not designed for use on public highways. Several of these decisions specifically reject the “ejusdem generis” argument that the words “any other type of equipment” should be construed as an enumeration or modifier of the phrase “farm type tractor.” Under this construction, the “equipment” would have to be of a farm or agricultural nature in order to be excluded. Beagle, supra; Williams, supra; Beck, supra; Kansas Farm Bureau, supra. Although we are not bound by these cases, we find their reasoning to be correct. We find especially compelling the reasoning used in Beagle, supra, as follows:
“Plaintiff, however, says the words ‘other equipment’ refers to farm equipment under the rule of construction known as ejusdem generis and also that such exception is ambiguous and such ambiguity should be liberally construed in favor of the policy holder.
“[3, 4] The rule ejusdem generis is that when general words follow an enumeration of particular cases, such general words are held to apply to cases of the same kind as those which are expressly mentioned. In the first place if the exception was just the words ‘a farm type tractor or other equipment’ there would be some substance to this claim, but the language is not general but specifies that such equipment be designed for use principally off public roads. That, in effect is true also of farm tractors — they are designed for use principally on the farm and not on the highways. The Court feels this exception is not ambiguous and means just what it says. This auto racer was designed principally for use off the public roads, and therefore is not an automobile within the meaning of the definition in the policy.”
In the present case, the defendant makes an additional argument that the policy is ambiguous because the word “equipment” as commonly understood in the English language does not mean a “vehicle”. Defendant quotes from Webster’s New World Dictionary of the English Language, Second College Edition, the following definition of equipment:
“EQUIPMENT — (1) an equipping or being equipped (2) whatever a person, group, or thing is equipped with; the special things needed for some purpose; supplies, furnishings, apparatus, etc. (3) goods used in providing service, esp. in transportation, as the rolling stock of a railroad (4) one’s abilities, knowledge, etc.”
From the above definition it appears that the word “equipment” is a broad term, the meaning of which depends on the context in which it is used. In Black’s Law Dictionary, Deluxe, Fourth Edition, we find the following definition of equipment:
“EQUIPMENT. Furnishings, or outfit for the required purposes. An exceedingly elastic term, the meaning of which depends on context. Elliott v. Payne, 293 Mo. 581, 239 S.W. 851, 852, 23 A.L.R. 706; . . ."
In Webster’s New World Dictionary, College Edition, copyrighted in 1955, we find the following definition of equipment:
“equipment (i-kwip’ment), n. 1. an equipping or being equipped. 2. whatever a person, group, or thing is equipped with; furnishings, outfit. 3. in transportation, cars, trucks, etc.; rolling stock, as distinguished from stationary property.”
From these definitions it is apparent that the word “equipment” is indeed an elastic term whose meaning depends upon the con *1389 text in which it is used. In the present case, the word “equipment’ is used in the context: “or other equipment designed for use principally off public roads.” In this context, the word “equipment” can mean only some type of vehicle. We find no ambiguity in the present policy by reason of the use of the word “equipment”. In this connection, we note that none of the other courts which considered the policy language in question found the word “equipment” ambiguous in the context used.
With this issue aside, we must determine whether the Formula F racing vehicle in which Phillip Carney was killed is excluded from policy coverage by the language “other equipment not designed for use on public highways.” A jointly filed photograph of the vehicle depicts it to be a long, low, needle-nosed one-seater, without a windshield or roof of any kind. The parties stipulated that the vehicle was untitled, unlicensed, and equipped with no safety equipment such as a horn, or tail or brake lights. These facts, coupled with the photograph in evidence, clearly reveal that the vehicle was not designed for use on public roads but was only designed and used for the purpose of racing on a race track.
In the cases of Beagle, supra, Williams, supra, Walcott, supra and Beck, supra, these courts found that even stock cars, originally designed for use on public roads but later modified for use exclusively as racing cars, were excluded by this same provision. These cases support our holding, even though the car here was originally designed exclusively for racing off public roads.
The most similar Louisiana case we find is Posey v. Commercial Union Insurance Company, 332 So.2d 909 (La.App. 2d Cir. 1976), which involved the issue of whether a motorcycle converted into a trail bike was excluded from uninsured motorist coverage by the identical definition of an automobile as is used in the present case. In that case, it appears to have been a foregone conclusion that the language of the policy was unambiguous. The court did not discuss the issue of ambiguity. It held that the “trail bike” at issue was not originally “designed” for use principally off public roads, and that its current condition of not being licensed or suitable for use on the public roads was due to deterioration and lack of maintenance. The court concluded the “trail bike” was covered by the policy.
Having so held, it becomes unnecessary to decide the second issue of whether the defendant was arbitrary and capricious in refusing payment of the claim.
For the above reasons, the judgment appealed is affirmed. All costs of this appeal are assessed to the plaintiff.
AFFIRMED.
DOMENGEAUX, J., dissents and assigns written reasons.
WATSON, J., dissents for the reasons assigned by DOMENGEAUX, J.