KLIEBERT, Judge.
I.D.S.O. Investments, Inc. (hereafter IDSO) is a corporation formed by the Hughes family for the purpose of integrating insurance, accounting, payroll and other managerial services for the various Hughes enterprises which at times numbered as high as twenty-three (23) different entities. IDSO acquired workmen’s compensation, general liability and automobile liability insurance coverage for all entities for a three year period, October 1, 1971 through October 1, 1974, from the plaintiff, Employers Insurance of Wausau (hereafter Employers). In the policy issued by Employers, the premiums paid during the year were to be adjusted at the end of the year in accordance with a “Retrospective Rating Plan D”. Under the plan, the standard premium is adjusted within limits (160% of the base premium as the maximum and 40% of the base premium as the minimum) to reflect the claim experience retrospectively. Attached as Appendix “A” is the entirety of the “Retrospective Premium Endorsement” issued as part of the workmen’s compensation policy for the period October 1, 1971 thru October 1, 1972. All parties agree the attached endorsement is applicable to all of the policies.
Each year three separate policies were issued, i.e., one for workmen’s compensation, one for general liability, and one for automobile liability. All three policies provided liability coverage for IDSO and each of the other Hughes entities. Each of the corporations involved in this suit are listed as named insureds in the policy along with IDSO. Copies of endorsement Nos. 1, 2 and 3 to the workmen’s compensation policy are attached hereto as Appendix “B”. Similar endorsements are part of the other two policies.
A dispute arose between the insured and insurer as to the method to be used in computing the premiums due under the Retrospective Rating Plan “D” endorsement. As a result, Employers filed suit to collect insurance premiums allegedly due and IDSO reconvened alleging overpayment of premiums. IDSO contends each corporate entity is a separately insured entity and for those premiums subject to Retrospective Policy Plan “D”, a separate premium should be computed for each corporation with the maximum and minimum applied to the standard premium for each corporation. Employers on the other hand contends that for purposes of computing the premiums due under the Retrospective Premium Plan “D”, there is only one insured entity with one maximum and minimum applied to the total of the standard premiums for all of the corporations. At the time of trial, following Employers’ method of computation would have resulted in an additional unpaid premium of $196,-712.00 being due by IDSO. On the other hand, a refund of $90,973.00 would be due to IDSO if its method of computing the premium was followed. Under the policy provisions, additional retroactive premium adjustments would have to be made now. During oral arguments in this Court, plaintiff and defendants acknowledged substantial modifications would now be required in the dollar amount of the premium even if the trial judge’s ruling was upheld and both parties suggested they could compute the amount of the premium once this Court ruled on the proper method to use in applying the maximum and minimum amount of the premium.
The district court found the policy provision ambiguous and capable of being interpreted as urged by either litigant. Since the policy was drafted by Employers, the trial judge concluded the ambiguity must *788 be construed against it and, accordingly, dismissed Employers’ demand and rendered judgment in favor of IDSO in the amount of $90,973.00. Employers brought this sus-pensive appeal and argues two errors by the trial judge. First, Employers contends the trial court has ignored the fact that IDSO alone is the party responsible for payment of the premium. Second, it urges that the policy language is explicit rather than ambiguous and must be interpreted in the manner urged by it. We find no manifest error in the trial judge’s ruling or in his findings of fact or in his application of the applicable law.
From the inception of the trial to its conclusion, the trial judge was repeatedly called upon to rule on the admissability of testimony offered by both sides to show the intent of the parties or the circumstances under which the policies were issued. In making his ruling, the trial judge repeatedly stated the testimony was admissable only if the contract (the insurance policy) was ambiguous. For the most part, he admitted the testimony and after three days of hearing testimony, decided that even in the light of the evidence offered, the policy provisions were still ambiguous. Since the provisions were drafted by Employers, he concluded the ambiguity must be construed against them and, accordingly, accepted IDSO’s interpretation of the policy provisions and, hence, rendered judgment for $90,973.00 in favor of IDSO.
Knowledgeable experts testified for each side and presented plausible opinions as to interpretations of the policy language which supported the side for which they testified. Employees of both parties testified with sincerity and conviction as to their intentions and beliefs as to how the premiums should be computed. Both counsel, equally learned in the law and in their knowledge of insurance contracts, presented skillful and persuasive arguments supporting their interpretation of the policy language. Pure and simple, however, but left unsaid by either party, is the controlling fact that the Retrospective Rating Endorsement for Plan “D”, standing alone, does not provide whether maximum and minimum limits are to be applied to the standard premiums for each company or for the total of the standard premiums for all companies. Considering the Retrospective Rating Endorsement for Plan “D” alone supports Employers’ contentions for the printed endorsement was apparently drafted with a single insured in mind. However, when the inquiry is expanded to the policy provisions as a whole and interpreted in the light of the fact that each of the corporations is a “named insured”, the contentions of IDSO become plausible.
As stated by the trial judge in his reasons for judgment “_the insurance policy in question is patently ambiguous with regard to the correct manner for computing the premiums under the Retrospective Rating Plan here in dispute”. He then states the basis for and results which flows from that conclusion as follows:
“With regard to the premium, the policy provides:
‘.. . the insured shall pay the deposit premium to the company ... and thereafter interim payments shall be ... paid by the insured ...
‘.. . Upon termination of this policy the earned premium shall be computed in accordance with the ... rating plan ... applicable to this insurance ... If the earned premium thus computed exceeds the premium previously paid, the insured shall pay the excess; if less, the company shall return to the insured unearned portion paid by the insured
Endorsement Two of the policy provided:
‘It is agreed that the firms or corporations designated below are entered in ... the declarations as named insureds, and that such insurance as is afforded by the policy applies to each of the insureds named below ... ’
Each of the corporations involved in this suit are listed as ‘named insureds’ along with IDSO Investments, Inc. Under Endorsement Two, IDSO, as ‘the insured first below named’ was ‘authorized to act for each of the insureds successively named in all matters pertaining to this insurance’. IDSO was thus authorized to receive Notices of Cancellation and return premium, if any, for all of the in *789 sureds. The endorsement went on to provide that, in the event of bankruptcy or insolvency of IDSO, ‘each insured successively named shall be responsible for . . . the premium for the insurance afforded, respectively to each such insured successively named . .. ’
Retrospective Rating Plan ‘D’, used to determine the ‘earned premium’, states:
‘... after each computation, if the premium thus computed exceeds the premium paid ..., the named insured shall pay the difference to the company; if less, the company shall return the difference to the named insured
Employers Insurance of Wausau contends that the ‘named insured’, for the purposes of computing one premium, is IDSO, although all of named corporate entities are named insureds for purposes of coverage under the policy. IDSO contends that each corporate entity named in Endorsement Two of the policy is a separate ‘named insured’, for purposes of computing the retrospective premiums for each, although IDSO was authorized under the policy to act on behalf of all such entities in an effort to centralize the insurance management of the various entities.
Either of these interpretations may be equally justified by the policy language quoted above. Policies of insurance must be interpreted as any other contract. Savoie v. Fireman’s Fund Ins. Co., 339 So.2d 914 (La.App.1976), affirmed [La.] 347 So.2d 188; La.C.C. Article 1946. Louisiana law provides a rule of strict construction of ambiguities against the party who prepared or drafted the contract. La.C.C. Article 1958; Fontenot v. Monsanto Co., 363 So.2d 1309 (La.App.1978); Carpenter v. Leon E. Werntz and Associates, Inc., 345 So.2d 1018 (La.App.1977), writs denied [La.] 349 So.2d 871. Any ambiguity in an insurance contract must be resolved in favor of the insured. Rodrigues [Rodriguez] v. Northwestern National Insurance Company, 358 So.2d 1237 (La.Sup.Ct.1978); Carney v. American Fire and Indemnity Co., 364 So.2d 1386 (La.App.1978).
Having found patent ambiguity in the policy language concerning the proper method of computing the retrospective earned premium, the Court must construe the ambiguity against Employers, and in favor of IDSO, since Employers drafted the ambiguous language. It is true that IDSO was represented, in the negotiations with Employers, by an insurance expert of their own. However, the Court has received no evidence that IDSO’s expert in any way drafted the language in question.
Therefore, having found patent ambiguity in the contract language, and having found that Employers is solely responsible for that ambiguity, this Court will accept that interpretation of the policy which is most favorable of IDSO, namely, that the retrospective premiums are to be computed separately for each individual named insured entity, rather than lumping these entities together as Employers has done.”
We believe the trial judge’s reasons are correct and, hence, adopt them as our own. The trial judge’s reasons are not, as contended by Employers, inconsistent with his previous ruling dismissing IDSO’s exception of “Non-joinder of a Necessary Party” and thereby refusing to require a joinder of all other named insured under the policy. Rather, on the first ruling, the trial judge recognized the policy provisions authorizing IDSO to act for each of the insureds in all matters pertaining to the insurance, therefore, there was no necessity for making the other corporations a party defendant. The trial court’s ruling on the merits recognizes the same policy provisions, but rejects Employers’ contention that since IDSO is authorized and obligated to pay the premiums for all insured, it alone is the insured for the purpose of computing the premiums. In lieu thereof, it accepts IDSO’s contention that although IDSO pays the premium for all insurance, the burden of the premium is borne by all of the corporations as named insureds.
Likewise, we find no merit in Employers’ contention of error in the trial court’s finding that the policy is ambiguous. The trial *790 court did give effect to the entirety of the policy provisions. Although it did, as contended by Employers, omit from the quotations of Endorsement Two above the following language:
“The Insured First Below Named [IDSO] shall pay the premiums for the insurance afforded to each of the insureds successively named.”
it did, as it was required to do, give effect to other policy provisions [Endorsement 1, Paragraph 3] that “... in the event of bankruptcy or insolvency of the primary insured, each additional insured shall be responsible for and shall pay to the company the premium for the insurance afforded such additional insured”, and, hence, concluded each corporate entity was an insured for purposes of insurance coverage as well as for premium computation purposes. Accordingly, the judgment of the lower court is affirmed. Each party to bear its own cost of appeal.
AFFIRMED.