hDECUIR, Judge.
This is a suit for damages filed by Delores Williams who was injured when the vehicle she was operating was struck by a forklift owned by Bruce Foods Corporation and operated by Charles Bourgeois. The accident occurred in the parking lot of Bruce Foods. Bourgeois was employed by Roger Bou-dreaux d/b/a Yamland Trucking Company. Plaintiffs claims against these parties have been compromised. The only remaining claim is against plaintiffs uninsured motorist carrier, Southern United Fire Insurance Company.
Southern United filed a motion for summary judgment seeking dismissal of plaintiffs claims on the grounds that there was no insurance coverage available to her. The trial court granted the motion for summary judgment and dismissed plaintiffs claims. Plaintiff lodged this appeal.
IzSOUTHERN UNITED COVERAGE
Southern United’s policy provides ’ coverage for damages sustained by the insured and caused by the owner or operator of an uninsured highway vehicle. “Highway vehicle” is defined in the policy as:
“highway vehicle” means a land motor vehicle or trailer other than
(a) a farm type tractor or other equipment designed for use principally off public roads, while not upon public roads,
(b) a vehicle operated on rails or crawler-treads, or
(c) a vehicle while located for use as a residence or premises ...
Southern United argues and the trial court held that a forklift is not included here as a highway vehicle.
Plaintiff contends that the trial court erred in so holding and directs our attention to Carney v. American Fire & Indem. Co., 371 So.2d 815 (La.1979). The thrust of plaintiffs argument is that the trial court misinterpreted the supreme court’s holding in Carney, and as a consequence improperly granted summary judgment. We disagree.
At the outset we note that, like Justice Marcus in his dissent in Carney, we agree *531 with eloquent opinion of our learned brother, Judge Culpepper, in Carney v. American Fire & Indem. Co., 364 So.2d 1386 (La.App. 3 Cir.1979). We believe that the language of the exclusion is clear. However, until the Louisiana Supreme Court revisits the issue, we are left with a strained interpretation that apparently only excludes “farm type equipment.”
Accordingly, we now turn to the issue of whether a forklift being operated in the private parking lot of Bruce Foods Corporation is excluded from coverage. The forklift is clearly a vehicle designed principally for use off of public roads. Furthermore, in the instant case it was plainly being operated off the public road. _jsThe remaining question facing us is clear. Is a forklift a “farm type tractor or other equipment” under the narrow interpretation of the exclusion outlined by the supreme court? We find that it is.
A “forklift” is defined as “a self-propelled machine for hoisting and transporting heavy objects by means of steel fingers inserted under the load.” Merriam Webster’s Collegiate Dictionary, Tenth Edition. While more often thought of in terms of warehouse usage, the forklift is also a useful piece of farm equipment. Farmers and ranchers load and unload heavy objects ranging from fertilizer to hay bales to produce fresh from the field. A forklift is one of the many tools that expedite the process. The forklift is constantly used to move and process agricultural products and is a vital link in the farm to market chain. Bruce Foods is a processor of raw farm goods and uses the forklift in its business. Given these uses we have no trouble expanding the supreme court’s illustrative list in Carney, of cotton baler, bean pickers, corn pullers or like equipment to include forklifts.
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are taxed to plaintiff-appellant.
AFFIRMED.
THIBODEAUX, J., concurs.